PER CURIAM.
The appellant was tried before a jury on an information charging second degree murder. He was convicted of the lesser included offense of manslaughter. On appeal he contends (1) that the court erred by not placing the witnesses under the rule until after the opening arguments; (2) that the trial court committed reversible error in refusing to direct a verdict for the defendant; (3) that the evidence was insufficient to support the conviction for manslaughter and (4) that a new trial should ' e granted because of improper remarks of the prosecutor in closing argument.
We have considered the appellant’s several contentions in the light of the record and briefs and find them to be without merit. After the opening arguments and before the presentation of evidence commenced, the trial judge excluded the witnesses from the court room and placed them under the rule. The record discloses a reason why the court did not do so earlier. That matter was one within the discretion of the trial judge. The appellant has shown no prejudice therefrom. Spencer v. State, Fla.1961, 133 So.2d 729, 731.
No error was committed by the trial court in submitting the case to the jury on the charge of second degree murder as laid in the information and on the lesser included offense of manslaughter. As pointed out by the state, the defendant did not move at the trial for the charge of second degree murder to be withdrawn from the jury, but moved for a directed verdict in his favor. In our view the evidence was sufficient for submission of the cause to the jury on the charge as alleged in the information. In addition, no harm resulted in that the jury rejected the charge of second degree murder and convicted the defendant on the lesser included offense. Appellant’s contention that error resulted from statements by the prosecutor in closing argument is not borne out by the record.
No reversible error having been made to appear, the judgment is affirmed.
Affirmed.