HARRIS, Judge.
Michael A. Lambert appeals his conviction of battery of a law enforcement officer. He contends the trial court erred in refusing to exclude a witness during opening statements after the rule of sequestration had been invoked. We disagree and affirm.
Lambert contends that Officer Baker, the State’s first witness, sat in during opening statements and changed his testimony in order to refute the defense of intoxication first raised in defense opening statement. While Officer Baker did sit in during opening statements, the record does not indicate any change in his testimony. Although the testimony of the State’s second witness, Officer Roy, differed somewhat from his previous deposition testimony (not at all unusual after the passage of time), he did not sit in on the opening statements.
It is within the discretion of the trial judge to invoke the rule of sequestration after opening statements. See Sise v. State, 188 So.2d 396 (Fla. 3d DCA 1966) cert. denied, 196 So.2d 922 (Fla.1967). In any event no prejudice resulted in this case since the evidence clearly shows that Officer Baker was aware of the potential intoxication defense before opening statements.
AFFIRMED.
DANIEL, C.J., and W. SHARP, J., concur.